IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RAUL ESTELLA,

    Petitioner,

v.                                                                       Case No. 2:05-cv-69
                                                                          (Judge Maxwell)

DOMINIC GUTIERREZ, Warden,

    Respondent.

## OPINION/REPORT AND RECOMMENDATION

On September 15, 2005, *pro se* petitioner initiated this case by filing an Application for Habeas corpus Pursuant to 28 U.S.C. § 2241. In the petition, the petitioner asserts that the Federal Bureau of Prisons (BOP) improperly found him ineligible for a sentence reduction under the 500 Hour Residential Drug Abuse Treatment Program (RDAP) and violated the Administrative Procedures Act (APA). This matter is before the undersigned for a report and recommendation pursuant to LR PL P § 83.01, et seq.

## I. The Petition

Petitioner was convicted of trafficking in cocaine and for using or carrying a firearm in the furtherance of a drug crime. Petitioner was sentenced to a term of 90 months and has a verifiable drug abuse problem. Petitioner sought participation in the Bureau's residential drug treatment program, but was denied. Displeased with this finding, petitioner sought relief in the BOP's administrative remedy program. Petitioner was denied relief through all three levels of the administrative remedy process and his claim is exhausted. As a result, petitioner filed the instant petition asserting the following grounds for relief:

(1) His 5th Amendment rights to due process and equal protection are being violated because

he is being denied a one-year sentence reduction despite the fact that his weapons violation is not a crime of violence.

(2) The procedure followed by the BOP in denying the petitioner a one-year sentence reduction violates the APA because the BOP did not provide adequate notice and opportunity for public comment before promulgating the applicable regulation and program statement.

## II. Analysis

The Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA) amended 18 U.S.C. § 3621 to require the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). The Act provides that it is applicable to persons convicted of a "nonviolent offense." 18 U.S.C. § 3621(e)(2)(B). Further, the BOP is allowed in its discretion, to reduce an inmate's sentence by up to one year after successful completion of a substance abuse program. Id.; see also Lopez v. Davis, 531 U.S. 230 (2001).

However, because the act does not define a nonviolent offense, nor enumerate the criteria for awarding early release incentives, the BOP issued regulations in May 1995,[1] to govern the implementation and regulation of the substance abuse program and a Program Statement to guide staff in determining inmate eligibility. See Program Statement 5330.10. The regulations and the Program Statement define a nonviolent offense as the "converse of a crime of violence." See Pelissero v. Thompson, 170 F.3d 442, 444 (4th Cir. 1999). Therefore, inmates convicted of a crime of violence as defined in 18 U.S.C. § 924(c)(3) were excluded from eligibility for early release. Section 924(c)(3) defines a crime of violence as an offense that is a felony and (A) has as an element the use, attempted

---

[1] Those regulations were published at 28 C.F.R. § 550.58.

2

use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

To further assist staff in determining eligibility for early release, the BOP adopted a second Program Statement in July 1995. See Program Statement 5162.02. This Program Statement offered a list of offenses which the Bureau considered crimes of violence. Inmates who fell under any of these categories of offenses were systematically excluded from eligibility for early release. Program Statement 5162.02 also identified other offenses that may be crimes of violence and specifically provided that an inmate who was convicted of a drug offense under 21 U.S.C. § 841 and received a two-level enhancement for possession of a gun has been convicted of a crime of violence.

However, the BOP's interpretation of a crime of violence was challenged as a valid interpretation of Regulation 550.58 because several federal courts had held that the mere possession of a firearm by a felon is not a crime of violence under 18 U.S.C. § 924(c). Because the Circuits split on the validity of Program Statement 5162.02, the BOP adopted a revised regulation 550.58 in October 1997. In its revised regulation, the BOP "abandoned its incorporation of the crime-of-violence definition from 18 U.S.C. § 924(c)," but stated that an inmate whose current offense is a felony that involved the carrying, possession, or use of a firearm or other dangerous weapon, could still be excluded from eligibility for early release at the Director's discretion. See Pelissero, 170 F.3d at 442. The BOP also amended Program Statement 5330.10 to reflect this change and adopted Program Statement 5162.04, effective October 9, 1997, which provided that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." The 1997 regulation was an

interim regulation which was finalized on December 22, 2000. See 65 Fed. Reg. 80745.

A. Petitioner's Challenge to his Eligibility Determination

In Lopez v. Davis, supra, the United States Supreme Court determined that the BOP properly exercised its discretion under § 3621(e)(2)(B) in denying early release to an inmate who was convicted of violating 21 U.S.C. § 841, but who received a two level enhancement for use of a firearm. In doing so, the Supreme Court noted that "when an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but no the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." Lopez, at 243. The Supreme Court found that "the Bureau concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." Id. at 244.

In this case, the BOP has not denied petitioner early release eligibility because his § 924(c) conviction is a crime of violence as petitioner claims. The BOP has denied petitioner early release eligibility because the petitioner was convicted of a felony and of using or carrying a firearm during the commission of that felony. Similar to Lopez, petitioners' § 924(c) conviction "suggests [a] readiness to resort to life-endangering violence" and is appropriately considered in determining petitioners' eligibility for early release. Thus, because the BOP clearly has the discretion to deny petitioner early release eligibility for this reason, petitioners' claim is without merit and is due to be denied.

B. Petitioner's APA Claim

The petitioner asserts that 28 C.F.R. § 550.58 violates the APA because the BOP did not comply with the notice and comment requirements of 5 U.S.C. § 553 in enacting the 1997 regulation.

4

The APA requires administrative agencies, including the BOP, to provide notice of the proposed rule and a public comment period. See 5 U.S.C. § 553; Chen Zhou Chai v. Carroll, 48 F.3d 1331 (4th Cir. 1995). The notice and comment period of the APA does not apply to"to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice." 5 U.S.C. § 553(b)(3).

A regulation which does not comply with the APA is invalid. See Auer v. Robbins, 519 U.S. 452, 459 (1997). At least one district court has determined that the BOP violated § 553(b) and (d) in enacting the 1997 regulation. See Bohner v. Daniels, 243 F. Supp. 2d 1171 (D.Or. 2003). However, petitioners' eligibility for early release in this case was not determined under the 1997 interim rule. Petitioner was sentenced in 2003. See Petition at 2. Thus, his eligibility was considered pursuant to the 1997 rule, as properly finalized in December 2000, and there is no APA violation. See Miller v. Gallegos, 125 Fed.Appx. 924, 2005 WL 256546 (10th Cir. 2005) (unpublished) (recognizing that while the 1997 interim regulations may have initially been invalid under the APA, the regulation was properly finalized prior to its application to the petitioner and the petitioner has no APA claim). Therefore, petitioners' APA claim is without merit and is due to be denied.

### III. Recommendation

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be DENIED and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such

objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[2]

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: February 10, 2006.

/s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[2] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).