# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RAUL ESTELLA,

        **Petitioner,**

    **v.**                                  **Civil Action No. 2:05 CV 69**
                                                  **(Maxwell)**

DOMINIC A. GUTIERREZ, WARDEN,

        **Respondent.**

## ORDER

It will be recalled that on September 15, 2005, *pro se* Petitioner Raul Estella instituted the above-styled civil action by filing an Application For Habeas Corpus Pursuant To 28 U.S.C. § 2241.

It will further be recalled that the case was referred to United States Magistrate Judge John S. Kaull in accordance with Rules 83.01, *et seq.*, of the Local Rules of Prisoner Litigation Procedure.

On February 10, 2006, United States Magistrate Judge Kaull issued an Opinion/Report And Recommendation wherein he recommended that the Petitioner's § 2241 Petition be denied and dismissed with prejudice.

In his Opinion/Report And Recommendation, Magistrate Judge Kaull provided the parties with ten days from the date of said Opinion/Report And Recommendation in

which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Opinion/Report And Recommendation.

An Objection To The Magistrate's Report was filed by the Petitioner on February 21, 2006.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985).

As previously noted, on February 21, 2006, the Petitioner filed an Objection To The Magistrate's Report. The Court has conducted a *de novo* review only as to the portions of the Opinion/Report and Recommendation to which the Petitioner objected. The remaining portions of the Opinion/Report And Recommendation to which the Petitioner has not objected have been reviewed for clear error.

In his Objection To the Magistrate's Report, the Petition relies on the case of Paulsen v. Daniels, 413 F.3d 999 (9th Cir. 2005), to support his assertion that the procedure followed by the Bureau of Prisons in denying him a one-year sentence reduction violates the Administrative Procedures Act because the Bureau of Prisons did

not provide adequate notice and opportunity for public comment before promulgating

the applicable regulation and program statement.   In his Opinion/Report And

Recommendation, the Magistrate Judge recognized that at least one district court has

determined that the Bureau of Prisons violated § 553(b) and (d) in enacting the 1997

regulation but pointed out that the Petitioners' eligibility for early release in this case was

not determined under the 1997 interim rule, but under the 1997 rule, as properly

finalized in December 2000, since the Petitioner was not sentenced until 2003.  In the

Paulsen case, the Ninth Circuit Court of Appeals also found that the Bureau of Prisons

had violated the Administrative Procedures Act and found the 1997 interim regulation to

be invalid.  The Ninth Circuit Court of Appeals noted, however, that the effect of

invalidating an agency rule is to reinstate the rule previously in force.  The 1995

regulation, which was the rule previously in force, erroneously interpreted 18 U.S.C. §

3621(e)(2)(B), so the Ninth Circuit Court of Appeals ultimately found that the applicable

rule was the final rule that was effectuated on December 22, 2000.  Thus, even under

Paulsen, the Petitioner's eligibility for early release would not have been different since

it was decided pursuant to the final rule effectuated on December 22, 2000.

The Court finds that the issues raised by the Petitioner in his Objection To The

Magistrate's Report were thoroughly considered by Magistrate Judge Kaull in said

Opinion/Report And Recommendation.  The Court is of the opinion that Magistrate

Judge Kaull's Opinion/Report and Recommendation accurately reflects the law

applicable to the facts and circumstances before the Court in the above-styled action.

Accordingly, it is

**ORDERED** that the Opinion/Report And Recommendation entered by United

States Magistrate Judge John S. Kaull on February 10, 2006, be, and the same is

hereby, **ACCEPTED** in whole and this civil action be disposed of in accordance with the

recommendation of the Magistrate Judge.  Accordingly, it is

**ORDERED** that the Petitioner's Application For Habeas Corpus Pursuant To 28

U.S.C. § 2241 (Docket No. 1) be, and the same is hereby, **DENIED and DISMISSED**

with prejudice**.**   It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Respondent.  It is

further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court,

written notice of appeal must be received by the Clerk of this Court within thirty (30)

days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the

Federal Rules of Appellate Procedure.  The $5.00 filing fee for the notice of appeal and

the $450.00 docketing fee should also be submitted with the notice of appeal.  In the

alternative, at the time the notice of appeal is submitted, the Petitioner may, in

accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate

Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of

Appeals For The Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se*

Petitioner and to counsel of record in the above-styled civil action.

**ENTER:** July   29  , 2008


                                                    **/S/ Robert E. Maxwell**
                                                  United States District Judge